IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 4:12-CV-189-BLW |
| v. | **MEMORANDUM DECISION AND TEMPORARY RESTRAINING ORDER** |
| CUSTER COUNTY, IDAHO, BOARD OF COUNTY COMMISSIONERS, WAYNE F. BUTTS, CHAIRMAN, and STATE OF IDAHO, | |
| Defendants. | |

The Court held a telephone hearing on April 13, 2012, on plaintiff BLM's motion for a Temporary Restraining Order. No representative for the defendants appeared although they were provided notice of the hearing. Accordingly, the Court did not hear argument but merely ruled on the papers submitted by the BLM.

To be entitled to injunctive relief, the BLM must show each of the following: (1) a likelihood of success on the merits; (2) that irreparable harm is likely, not just possible, if the injunction is not granted; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council,* 555 U.S. 7 (2008).

The BLM seeks to enjoin defendants from reopening the Herd Creek Road, specifically Segments 2 and 3 of that Road. The defendants, however, claim that they have a right to the

**Memorandum Decision & Order - 1**

Road under R.S. 2477 (43 U.S.C. § 932 ). There is evidence that they intend to remove BLM barriers and reopen the Road on April 15, 2012, just two days from now.

Segments 2 and 3 run entirely over BLM land, and were closed by the BLM without objection in 1999. Segment 3 is part of the Jerry Peak Wilderness Study Area and Segment 2 is surrounded by that Wilderness Study Area.

While defendants claim an interest in the Road, there is no evidence that they obtained that interest through an action under the Quiet Title Act. That Act "provide[s] the exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Robinson v US*, 586 F.3d 683 (9th Cir. 2009).

Given these circumstances, the Court finds that a TRO is warranted. The BLM has a likelihood of success on the merits given that it appears the defendants have not obtained any interest in the Road under the Quiet Title Act. Irreparable harm is likely because the defendants intend to reopen the Road that passes through, and is proximate to, a Wilderness Study Area that could be adversely affected by traffic. For the same reason, a TRO would be in the public interest. Finally, the equities tip in favor of the BLM because the Road has been closed since 1999, and there is no showing of any need for reopening the road at this point. The BLM has therefore met the requirements for a TRO. No bond will be required since the United States and its agencies are not required to give security as a condition to the issuance of injunctive relief.

Obviously, all these findings are preliminary and subject to change upon a full hearing. The Court recognizes that it has not heard from the defendants and wants to give them a full opportunity to be heard. For that reason, the Court will set a hearing less than a week away, on April 19, 2012, to give the defendants an expedited opportunity to oppose extension of the TRO

**Memorandum Decision & Order - 2**

or the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for temporary restraining order (docket no. 4) is GRANTED.

IT IS FURTHER ORDERED, that defendant Custer County and its agents are enjoined from any actions to further implement Custer County Resolution # 244910 on federal lands, without prior approval and authorization from the BLM in accordance with federal law. Specifically, in regards to Custer County Resolution # 244910 and the Herd Creek Road, Custer County and its agents are enjoined from taking any action on federal land to open the closed portions of Herd Creek Road, to remove or damage federal road signs or other property, to remove or alter any berms, boulders, or other physical restrictions placed by the BLM on the Herd Creek Road, to take any action which interferes with BLM employees in the lawful commission of their official activities, or to take any action on federal land not expressly authorized by the BLM.

IT IS FURTHER ORDERED, that the TRO issued above shall, unless extended, expire at the conclusion of the hearing set forth below on April 19, 2012.

IT IS FURTHER ORDERED, that a hearing shall be held on April 19, 2012, at 9:00 a.m. in the Federal Courthouse in Pocatello Idaho to determine the TRO issued here should be extended or dissolved, or whether a preliminary injunction should issue until a final hearing on the merits.

IT IS FURTHER ORDERED, that the BLM shall effect service of this TRO by "personal

**Memorandum Decision & Order - 3**

service or otherwise" on the defendants so that they have "actual notice" of the TRO as required by Federal Rule of Civil Procedure 65(d)(2).



DATED:  **April 13, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**